IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-20418

**RICKY AGUILERA**,

    Plaintiff,

vs.

**THE GREENS AND FLOWERS CONNECTION, LLC**,
**JONATHAN A. NUNEZ,** individually, and
**JONATHAN L. VALLADARES**, individually,

    Defendants.
_____/

## COMPLAINT

**RICKY AGUILERA** ("Plaintiff"), by and through the undersigned counsel, hereby sues **THE GREENS AND FLOWERS CONNECTION, LLC** (hereinafter the "Company"), **JONATHAN A. NUNEZ** (hereinafter "Nunez"), individually, and **JONATHAN L. VALLADRES** (hereinafter "Valladares"), individually, (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees, and costs pursuant to the FLSA, and all other remedies allowable by law.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

4. The Company is, and was, a Florida company conducting business in Miami Dade County, Florida during the relevant period, January 10, 2019 through December 15, 2020.

5. Nunez is, and was, a corporate officer for/operator of the Company during the relevant time period. Further, Nunez controlled the business and the Company's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

6. Valladares is, and was, a corporate officer for/operator of the Company during the relevant time period. Further, Valladares controlled the business and the Company's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

7. The Company, Nunez, and Valladares are employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

8. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

### A. Defendants' Business and Interstate Commerce

9. The primary purpose of the Company is the sale of plants and flowers, both in bunches and bulk, across the United States and internationally.

10. Under information and belief, Plaintiff alleges that the Company's gross annual revenue exceeded $500,000.00 during 2018 and 2019 and is expected to exceed $500,000.00 during 2020.

11. The Company customarily and regularly sold goods and services across state lines and internationally.

12. At all relevant times, the Company employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

13. Upon information and belief, the Company obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means

3 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

14. The Company, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

15. The Company is an employer engaged in interstate commerce and subject to the FLSA.

### B. Defendants' Employment and Failure to Properly Pay Plaintiff

16. Plaintiff's work began in and around January 10, 2019.

17. During his employment, Plaintiff worked in a non-exempt capacity as an account manager for Defendants' customers.

18. The relevant time period for this matter is from January 10, 2019 through December 15, 2020.

19. Plaintiff, at all material times, was paid a salary of $35,000.00 plus commissions. During the relevant time period for this matter, Plaintiff's commissions never equaled to or exceeded fifty percent (50%) of his total wages in any respective period.

20. Throughout the relevant time period, Plaintiff worked approximately forty-five to forty-seven hours [five (5) to seven (7) hours of overtime] per week.

21. Throughout the relevant time period, Defendants failed to have proper timekeeping procedures in place to track Plaintiff's exact work hours.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

22. Defendants willfully and intentionally failed to properly record Plaintiff's work hours and provide his with a proper overtime premium for each overtime hour worked.

23. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

24. Defendants intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

C. **Nunez and Valladares' Employment of, and Failure to Properly Pay, Plaintiff**

25. During the relevant period, Nunez and Valladares were Plaintiff's managers/supervisors as well as the general co-operators of the business.

26. During Plaintiff's employment, Nunez and Valladares acted as Plaintiff's supervisors/managers, provided Plaintiff with his work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, and were responsible for recording, calculating, and paying Plaintiff's work hours.

27. On or about December 15, 2020, Nunez and Valladares made the decision to terminate Plaintiff.

28. Nunez and Valladares intentionally refused to pay Plaintiff overtime wages he was owed under the FLSA.

29. Nunez and Valladares are partially or totally responsible for paying Plaintiff's wages.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

30. Nunez and Valladares must be considered Plaintiff's employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

## COUNT I
## OVERTIME VIOLATION BY
## THE GREENS AND FLOWERS CONNECTION, LLC
## UNDER THE FAIR LABOR STANDARDS ACT

31. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

32. As part of its business, the Company purchased goods and materials that traveled through interstate commerce.

33. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

34. Upon information and belief, the Company obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

35. The Company, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

6 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

36. During his employment with the Company, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than one and one-half his regularly rate of pay as required by the FLSA.

37. The Company did not compensate Plaintiff for his overtime despite knowledge of the overtime hours Plaintiff worked.

38. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

39. In addition, the Company is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against the Company under the FLSA;

    b. Award Plaintiff actual damages for the unpaid overtime wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff his attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
### OVERTIME VIOLATIONS AGAINST JONATHAN A. NUNEZ UNDER THE FAIR LABOR STANDARDS ACT

40. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

7 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

41. Nunez operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

42. Nunez scrutinized Plaintiff's work and controlled how Plaintiff did his job.

43. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

44. During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

45. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

46. Nunez did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked.

47. Nunez is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against Nunez under the FLSA;

    b. Award Plaintiff actual damages for the unpaid overtime wages;

    c. Award Plaintiff liquidated damages;

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

    d.    Award Plaintiff his attorneys' fees and costs;

    e.    Award Plaintiff all recoverable interest; and

    f.    Award any other relief this Honorable Court deems just and proper.

## COUNT III
## OVERTIME VIOLATIONS AGAINST JONATHAN L. VALLADARES UNDER THE FAIR LABOR STANDARDS ACT

48.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if fully set forth herein.

49.    Valladares operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

50.    Valladares scrutinized Plaintiff's work and controlled how Plaintiff did his job.

51.    During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week.

52.    During his employment with Defendants, Plaintiff worked overtime hours for which he was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

53.    Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

54.    Valladares did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

55. Valladares is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Valladares under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

10 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated:  February 1, 2021

                                      Respectfully submitted,

By: ***/s/ Bayardo E. Alemán***
Bayardo E. Alemán, Esq.
Florida Bar No.: 28791
bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA BARNHART ALEMÁN, P.A.**
300 Sevilla Avenue, Suite 206
Coral Gables, Florida 33134
Telephone: 786-485-5232

*Counsel for Plaintiff*

11 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232