IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-20418-CMA

**RICKY AGUILERA**,

    Plaintiff,

vs.

**THE GREENS AND FLOWERS CONNECTION, LLC**,
**JONATHAN A. NUNEZ,** individually, and
**JONATHAN L. VALLADARES**, individually,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT

Plaintiff **RICKY AGUILERA** ("Plaintiff") and Defendants **THE GREENS AND FLOWERS CONNECTION, LLC**, **JONATHAN A. NUNEZ,** individually, and **JONATHAN L. VALLADARES**, individually, ("Defendants")(collectively the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Parties' Settlement Agreement in this Fair Labor Standards Act ("FLSA") case, with the Court reserving jurisdiction to make a ruling on Plaintiff's counsel's attorneys' fees and costs (if an agreement cannot be reached), and to enforce the terms of the settlement agreement, and in support jointly state the following:

1. On February 1, 2021, Plaintiff filed his Complaint against Defendants before this Honorable Court. [DE 1]. In the Complaint, Plaintiff seeks, pursuant to the FLSA, recovery of unpaid overtime wages alleged to have incurred during the course of employment with Defendants.

2. Defendants deny Plaintiff's allegations of unpaid overtime wages. Defendants contend that they fully complied with the FLSA, that Plaintiff was paid for all hours worked, that no damages are due and owing as Plaintiff was exempt from the FLSA, and that Plaintiff failed to

**1** of 11

complain or otherwise bring to Defendants' attention any wage and hour issues. Defendants further dispute liability and deny any wrongdoing in connection with Plaintiff's claims.

3. On April 21, 2021, the Parties appeared at a Settlement Conference before Magistrate Judge Edwin G. Torres.

4. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a resolution of this matter during the course of the Settlement Conference and resolved this action in its entirety pursuant to a Settlement Agreement.

5. Pursuant to *Lynn's Food Stores, Inc. v. U.S*, 679 F.2d 1350 (11th Cir. 1982), FLSA claims may be settled only with the approval of the Court or the Secretary of Labor. An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Id.* at 1354. "The district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. In this case, no complaint was filed with the U.S. Department of Labor. Accordingly, the Mediated Settlement Agreement must be submitted to the Court for approval.

6. The settlement between Plaintiff and Defendants provides for final resolution of Plaintiff's FLSA claims and for entitlement attorneys' fees and costs which were negotiated separately from Plaintiff's claims.

7. The Parties stipulate that: the negotiated settlement reached between the Parties represents a "fair" resolution of Plaintiff's FLSA claims and Plaintiff's attorneys' fees and costs. In resolving this matter, Plaintiff accepted zero dollars for his FLSA claims, but did negotiate for a complete and full release from his non-compete term entered into with Defendants at the start of his employment. The tangible worth of Plaintiff's complete and full release from his non-compete term

is far and away more valuable than his FLSA claims, even if Plaintiff received all of his alleged wages and liquidated damages. As such, Plaintiff was motivated to resolve this matter. Next, the settlement reached between them advances judicial economy. Third, entitlement to and the calculation of, attorney's fees were negotiated separately from damages and resolution for Plaintiff. Counsel for the Parties will be conferring on Plaintiff's counsel's attorneys' fees and costs to try to resolve the amounts without Court intervention. If Counsel for the Parties are unable to come to an agreement, the appropriate Motion will be filed. Finally, the Parties agree that the terms of the Settlement Agreement constitute a fair and reasonable settlement of a bona fide dispute.

8. A copy of the Parties' settlement agreement is attached hereto. *See* **Exhibit A.**

9. A proposed Order granting this Joint Motion will be filed simultaneously.

## MEMORANDUM OF LAW

**I.  LEGAL FRAMEWORK**

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

## II. THE OBSTACLES FACED BY PLAINTIFF

Plaintiff's recovery in this matter is very significant in light of the various legal barriers he would have to overcome to attain any financial recovery whatsoever.

### A. First Obstacle: Independent Contractor Issue

Defendants first, and primarily, argued that Plaintiff is barred any recovery based on his designation as an exempt Outside Sales employee. If Plaintiff proceeded with this litigation and it was determined he was properly designated as an exempt Outside Sales employee, then he would recover zero dollars and be subject to a potential costs' judgment upon a finding of that designation. As such, Plaintiff's ultimately result was extremely advantageous given this potential circumstance of zero dollars in damages.

B. **<u>Second Obstacle: Defendants' Maintenance of Work Records</u>**

In this matter, Defendants contend that Plaintiff's records are sufficient and convincing, such as biometric time logs, text messages, and surveillance video, to show that a differing, and considerably lower amount of Plaintiff's work hours. Plaintiff disagreed. The inquiry into hours worked would require comparisons of various records, calendars, and videos between the Parties, extensive information from third parties, as well as, witness testimony. This document production and meticulous re-creation of hours worked would be amplified by party and non-party depositions. These factors, in turn, would have fostered a high number of attorneys' fees and costs for both sides to bear. The complexity, expense, and lengthy of litigation heavily weigh in favor of early settlement in this case. The proposed settlement minimizes such costs, preserving the parties' and the Court's time and resources.

C. **<u>Third Obstacle: The Limiting Nature Of Violations That Are Not Deemed Willful</u>**

Assuming Plaintiff was able to evade any limiting defense by the Defendants, Plaintiff would be met with another significant obstacle: evidence of willfulness. Proving willfulness in the present case would be difficult in light of Defendants' good-faith belief that Plaintiff was an exempt Outside Sales employee and any hours worked were captured and paid. Furthermore, a lack of willfulness would further preclude Plaintiff's ability to recover liquidated damages. This would, in turn, further limit the scope of Plaintiff's recovery by another fifty (50%). This factor was a motivator for Plaintiff to resolve this matter.

D. **<u>Fourth Obstacle: Postliminary and Preliminary Work Hours</u>**

The final argument by Defendants is the limiting nature of the Portal-to-Portal Act where Plaintiff's damages, if any, may be reduced if it is determined the work hours sought involve non-compensable postliminary and preliminary activities. This, plus the other obstacles cited *supra*, were important motivators in Plaintiff's decision to resolve this matter.

### III. PLAINTIFF'S RECOVERY

The foregoing legal and factual analysis explains why Plaintiff was eager to accept the proposal that was ultimately memorialized through the Settlement Agreement. Plaintiff ran a substantial risk of losing this case altogether or, in the alternative, recovery of a small amount of damages. Had he lost, Plaintiff would have faced an exposure of a cost judgment being entered against his. This was a very beneficial outcome under the circumstances. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all").

Importantly, Plaintiff's recovery in connection to the mediated resolution is incredibly valuable to him. By negotiating a release from his non-competition term with Defendants, Plaintiff is able to continue work in a field that he is knowledgeable about while also avoiding any potential litigation on any alleged breach of the same. Plaintiff's FLSA claims, assuming he would be able to withstand the exemption defense, would have resulted in damages being far less than his original belief if the time records, any "convincing substitutes", the text messages and surveillance videos, were considered.  Indeed, given those documents and videos, the amount at issue for Plaintiff would have been less than in value than what he ultimately gained in resolving his wage & hour claims. In other words, Plaintiff's recovery would have been far worse had he elected to proceed to a jury trial rather than resolve during the course of a Settlement Conference. The exchanged discovery and additional information occurred post Plaintiff's initial submission of his Statement of Claim. Review of that discovery and information is attributable to the disparity of the initial amount alleged to be due and owed, and what was ultimately accepted as a fair and reasonable compromise under the circumstances. The Parties submit the settlement is reasonable. A copy of the Parties' fully executed Settlement Agreement will be submitted to this Honorable Court for review.

### IV.    PLAINTIFF'S ATTORNEYS' FEES AND COSTS

In a suit brought by employees under the FLSA, the Court must determine whether the settlement "is a fair and reasonable resolution." *See Lynn's Food.,* 679 F.2d at 1352-53. at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.,* No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.,* 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

#### A. The Issue Of Attorneys' Fees And Costs Were Separately Negotiated.

As part of the resolution of this matter, Defendants agreed that Plaintiff's counsel are entitled to their attorneys' fees and costs and the amount of attorneys' fees and costs will be determined either by agreement between the Parties or, if no agreement can be reached, via the appropriate filing of a motion. The Parties represent that Plaintiff's attorneys' fees and costs were, at all times, considered and negotiated separately from the amounts claimed by Plaintiff for his underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney,

the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

### B. Analysis Of Various Factors

Counsel for the Parties note there is not existence of fraud or collusion in this matter. See *Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 21, 2006) (no fraud or collusion where both parties were represented by counsel and the amount paid to the plaintiff seems fair). The settlement here is the negotiated result of a Settlement Conference, which itself is an indication of its fairness, where all Parties were represented by competent and experienced counsel.

This was a disputed FLSA matter involving a number of disputed legal and factual arguments. As stated *supra*, the factual and legal issues included the Outside Sales exemption defense, recordkeeping, weeks at issue, and compensable work hour disputes. Moreover, issues regarding operational control and liquidated damages would be heavily litigated if this matter did not resolve.

As noted above, the range of recovery in this case was threatened by significant obstacles. The Parties strongly dispute the merits of Plaintiff's claims- making protracted litigation inevitable if the proposed settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate. *See e.g., Fernandez v. A-1 Duran Roofing, Inc.*, 2013 U.S. Dist. LEXIS 35821 at *2 (S.D. Fla. Feb. 25, 2013).

Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this Motion.

**WHEREFORE**, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement, (2) keeping the case open until the amount of Plaintiff's attorneys' fees and costs are agreed to between the Parties or via motion practice, and (3) reserving jurisdiction to enforce the terms of the parties' Settlement Agreement.

Respectfully submitted on April 28, 2021.

| | |
|---|---|
| */s/ Brody M. Shulman* | */s/ Lawrence E. Besser* |
| Bayardo E. Aleman, Esq. | Lawrence E. Besser, Esq. |
| Florida Bar No. 28791 | FL Bar No: 0236268 |
| E-mail: freddy@pba-law.com | E-mail: lbesseresq@yahoo.com |
| Brody M. Shulman, Esq. | |
| Florida Bar No. 092044 | |
| E-mail: brody@pba-law.com | |
| | |
| **PERERA BARNHART ALEMAN, P.A.** | **Lawrence E. Besser, P.A.** |
| 12555 Orange Dr. | 1200 Brickell Avenue |
| Suite 207 | Suite 1950 |
| Davie, FL, 33330 | Miami, FL 33131 |
| Telephone: 786-485-5232 | Tel. 305-577-3873 |
| *Attorneys for Plaintiff* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or Parties of record on the Service List below.

By: */s/ **Brody M. Shulman***
Brody M. Shulman, Esq.