# SETTLEMENT AGREEMENT

WHEREAS, Ricky Aguilera, his heirs, executors, administrators, representatives, successors, and assignees (collectively referred to throughout this Settlement Agreement "Aguilera") has asserted a claim against The Greens and Flowers Connection, LLC, Jonathan A. Nunez, and Jonathan L. Valladares (collectively referred to as "Defendants");

WHEREAS, Aguilera has filed a Complaint against Defendants pending in the United States District Court for the Southern District of Florida styled as *Ricky Aguilera v. The Greens and Flowers Connection, LLC, Jonathan A. Nunez, and Jonathan L. Valladares*, Case Number 21-cv-20418-UU (the "Lawsuit");

WHEREAS, Aguilera and Defendants desire to settle and resolve the controversies between them, including those in the Lawsuit, amicably and expeditiously;

NOW, THEREFORE, for the good and valuable consideration set forth herein, it is hereby stipulated and agreed by and between the parties that Aguilera's claims against Defendants are resolved as follows:

   1. **Consideration.** On or about March 3, 2019, Aguilera and Defendants entered into a written Employment Contract. Within this Employment Contract, specifically paragraph 12, was a non-competition term that was a material term to the Employment Contract. In consideration for signing this Settlement Agreement (the "Agreement") and in compliance with the promises made herein, Defendants agree, without limitation, to release Aguilera from any non-competition term, including but not limited to the term set forth in his March 3, 2019 Employment Contract, paragraph 12. This release applies to any alleged past, present, or anticipated violations of the non-competition term by Aguilera. In releasing Aguilera from this non-competition term, Defendants waive the right and/or ability to file any legal action against, or seek any damages from, Aguilera in connection to any alleged past, present, or anticipated violations of the non-competition term. Specifically, Defendants remise, release, acquit, satisfy, and forever discharge Aguilera, of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, obligations, variances, trespasses, damages, injuries, illnesses, complications, judgments, executions, grievances, disputes, costs, attorneys' fees, claims and demands whatsoever, in law or in equity, which the Defendants ever had, now have, or may have, against Aguilera in connection to, or growing out of, any non-competition term. No other monies or compensation will be tendered to Aguilera under the terms of this Agreement.

   As to the attorneys' fees and costs associated with, and incurred during, the prosecution of the Lawsuit, Aguilera and Defendants agree that Aguilera's counsel, Perera Barnhart Aleman, P.A., and Defendants' counsel, Lawrence Besser, Esq., will confer on the amount of attorneys' fees and costs to be paid by Defendants over the course of a payment plan.

   If counsel for the Parties come to an agreement regarding the amount of Aguilera's counsel's attorneys' fees and costs, the Parties will submit a Joint Motion for Approval of Attorneys' Fees and Costs to the Court outlining this agreement and for issuance of an Order resolving Aguilera's counsel's attorneys' fees and costs. The first payment of Aguilera's counsel's

attorneys' fees and costs will be due within fifteen (15) calendar days of issuance of that Order where each future payment will be due thirty (30) days after the prior payment.

If, after conferral, the Parties are unable to come to an agreement regarding the amount of Aguilera's counsel's attorneys' fees and costs, Plaintiff shall file a Motion for Attorneys' Fees and Costs with supporting documentation for the Court to determine Aguilera's counsel's attorneys' fees and costs. The Parties agree to be bound by the Court's determination of Aguilera's counsel's attorneys' fees and costs. If the Court is required to determine of Aguilera's counsel's attorneys' fees and costs, the first payment of Aguilera's counsel's attorneys' fees and costs will be due within fifteen (15) calendar days of issuance of that Order where each future payment will be due thirty (30) days after the prior payment.

The terms and conditions set forth in this Paragraph 1 are in full and final settlement and resolution of any and all claims which Aguilera had, has or may have against Defendants arising out of or in any way connected with his employment with Defendants, and/or the termination of said employment, as of the date of the execution of this Agreement. Each party shall bear his/its own fees and costs, except as provided for herein.

If Defendants fail to make payment as required under Paragraph 1 for attorneys' fees and costs, or otherwise breaches this Agreement, Aguilera's counsel will provide notice of default to Defendants' counsel, via email, to Lawrence Besser, Esq.: lbesseresq@yahoo.com. The notice shall state the specific default alleged. Defendants shall have three (3) calendar days, after the notice of default is sent to Defendants' counsel, in which to cure any default. If the missing payment is not rectified within the three (3) calendar days cure period, then Aguilera's counsel will be entitled to the outstanding attorneys' fees and costs plus attorneys' fees and costs, separate and apart from the outstanding amount, incurred in bringing Defendants into compliance.

3. **No Consideration Absent Execution of this Agreement**. Aguilera understands and agrees he would not receive the release specified in Paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

4. **Release of All Claims**.

a. **General Release of All Claims**. Aguilera knowingly and voluntarily releases and forever discharges Defendants and its heirs, executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and their current and former employees, attorneys, officers, directors, board members, members, shareholders, partners, owners and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees" or "Defendants Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Aguilera had, has, or may have against Releasees as of the date of execution of this Agreement in connection with his employment with Defendants and/or the termination of said employment, including, but not limited to, any alleged violation of:
- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;

2

- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990 ("ADA")
- The Fair Labor Standards Act of 1933, as amended ("FLSA");
- The Florida Minimum Wage Act ("FMWA");
- The Family and Medical Leave Act ("FMLA");
- The Workers Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Occupational Safety and Health Act, as amended ("OSHA");
- The Equal Pay Act;
- Florida Civil Rights Act – Fla. Stat. § 760.01 et seq.;
- Florida Whistle Blower Act – Fla. Stat. § 448.101 et seq.;
- Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Fla. Stat. § 440.205;
- Florida Wage Discrimination Law – Fla. Stat. § 448.07;
- Florida Equal Pay Law – Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
- Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50;
- Florida Domestic Violence Leave Law;
- Florida Preservation and Protection of the Right to Keep and Bear Arms in Vehicles Act;
- Florida Discrimination on the Basis of Sickle Cell Trait Law – Fla. Stat. § 448.075 et seq.
- Florida OSHA – Fla. Stat. Ann. § 442.018(2);
- Florida Wage Payment Laws;
- Any Wage Theft Ordinance;
- Any other federal, state or local law, rule, regulation, or ordinance;
- Any public policy, contract, tort, or common law;
- Any claim for unpaid commissions or for fees under Fla. Stat. § 448.08; and/or
- Any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

**Defendants' General Release of Plaintiff.** Defendants, including their past and present principals, predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, insurers and agents, administrators and representatives, hereby unconditionally release, acquit and forever absolutely discharge Plaintiff and his heirs, executors, administrators, representatives, agents, insurers, successors and assigns, from any and all actions, causes of action, claims, debts, disabilities, accounts, demands, damages, claims for indemnification or contributions, costs, expenses or fees whatsoever, whether known or unknown, certain or speculative, asserted or unasserted, which the Defendants have, may have, or may have had against the Plaintiff from the beginning of the world until the day of this release.

3

b.  **Claims Not Released.**  Notwithstanding anything to the contrary, Aguilera is not in this Agreement waiving any rights he may have to: (a) his own vested accrued employee benefits under Defendants' health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which, by law, cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

c.  **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents Aguilera from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Aguilera agrees that if such an administrative claim is made, Aguilera shall not be entitled to recover any individual monetary relief or other individual remedies.

5.  **Acknowledgments and Affirmations.**  Aguilera has not filed, caused to be filed, or presently has filed or intends to be a party to any claim against Releasees, except for the Lawsuit, which Aguilera has agreed to dismiss with prejudice pursuant to this Agreement.

Aguilera further affirms that he has no known but unreported workplace injuries or occupational diseases.

Aguilera affirms that all of Releasees' decisions regarding his pay and benefits through the date of execution of this Agreement were not discriminatory based on disability, race, color, sex, religion, national origin or any other classification protected by law.

Aguilera further affirms that he has not been retaliated against for reporting or objecting to any allegations of wrongdoing by Defendants and Defendants' respective affiliates or officers, including any allegations of corporate fraud.

Aguilera affirms that, other than the other parties in the Lawsuit, he has no knowledge of any other employee of Defendants or any of the Releasees that has or may have a cognizable claim against Defendants or any other Releasee, and Aguilera has no information that Defendants has engaged in any conduct that may give rise to a cognizable claim by anyone.

Releasees and Aguilera affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

Aguilera warrants that he is not a Medicare beneficiary as of the date of this release. Because Aguilera is not a Medicare recipient as of the date of this release, no conditional payments have been made by Medicare for the treatment of bodily injury or emotional distress in connection with his employment with Releasees.

Aguilera will indemnify, defend and hold Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known and unknown.  If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from any Releasee relating to payment by such governmental entity, or anyone acting on behalf of any governmental entity, relating to Aguilera's alleged injuries,

4

claims or lawsuit, Aguilera will defend and indemnify Releasees, and hold them harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including attorneys' fees sought by such entities.

6. **Mutual Non-disparagement and Neutral Job Reference**. Defendants and Aguilera both affirm that neither will not make maliciously demeaning, disparaging, and/or derogatory remarks to third parties regarding each other (this includes Defendants, Defendants' owners, shareholders, partners, officers, directors, advisors, managers, members, staff or any other agents affiliated with Defendants) in any medium, including social media. Defendants and Aguilera both further agree that they will not make any public statements to the press, which includes, but is not limited to, newspapers, magazines, periodicals, television and cable networks, and encompasses all mediums, including electronic mediums, concerning Aguilera's employment with Defendants (including, but not limited to, the cessation of his employment). In addition, Defendants and Aguilera both agree that neither will not defame, disparage or demean Releasees' business capabilities, products, plans, or management to any client, potential client, vendor, supplier, contractor or subcontractor of Releasees so as to affect adversely the good will or business of Releasees. In signing this Agreement, Defendants and Aguilera both acknowledge that this provision is a material term and that breach of this provision constitutes a breach of this Agreement.

7. **Non-admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants and/or Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Application/Potential Re-Hire.** In the event Aguilera applies for employment with Defendants (or any other Releasee) in any capacity, Aguilera acknowledges that Defendants and any other Releasee has no duty to consider his for re-hire and he acknowledges he is not eligible for re-hire due to irreconcilable differences. In the event Aguilera is somehow re-hired by Defendants or any Releasee contrary to this Paragraph, Aguilera agrees he may immediately be terminated.

9. **Governing Law**. This Agreement shall be governed and interpreted in accordance the laws of the State of Florida. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. The prevailing party in an action to enforce this Agreement shall be entitled to recover their attorneys' fees and costs (at the trial court and any appellate levels) from the non-prevailing party.

10. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and the Parties agree this Agreement fully supersedes any prior agreements or understandings between the Parties. Aguilera acknowledges that he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to accept this Agreement.

5

12. **Third Party Beneficiaries.** Aguilera agrees that all Releasees shall be deemed third party beneficiaries for purposes of the protections offered by this Agreement and shall be entitled to enforce this Agreement.

13. **Severability.** In the event any provision of this Agreement shall be invalid, illegal or unenforceable in any respect, such a provision shall be considered separate and severable from the remaining provisions of this Agreement, and the validity, legality or enforceability of any of the remaining provisions of this Agreement shall not be affected or impaired by such provision. Any provision voided by operation of the foregoing shall be rewritten by the Court and replaced with provisions which shall be as close to the parties' original intent as permitted by applicable law and, as so modified, shall be deemed to be part of this Agreement. If any portion of the release in Paragraph 4 is found to be unenforceable, Aguilera agrees to execute a replacement release as broad as the Court will permit.

14. **Counterparts.** This Agreement may be executed in separate counterparts, each of which will be deemed to be an original and all of which taken together will constitute one and the same agreement. Facsimiles or electronic copies of signatures, including PDF copies, shall be deemed as effective as an original.

15. **No Strict Construction.** The language used in this Agreement shall be deemed to be the language mutually chosen by the Parties to reflect their mutual intent, and no doctrine of strict construction shall be applied against any Party.

[*this space left intentionally blank*]

**AGUILERA ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND AGUILERA AFFIRMS THAT AGUILERA HAS CONSULTED WITH HIS ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT. AGUILERA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS AGUILERA HAS OR MIGHT HAVE AGAINST RELEASEES AS OF THE DATE AGUILERA SIGNS THIS AGREEMENT.**

| **RICKY AGUILERA** | **The Greens and Flowers Connection, LLC** |
|---|---|
| By: _Ricardo Aguilera (Apr 23, 2021 14:51 EDT)_ | By:_____ |
| Ricky Aguilera | Print Name: _____ |
| Date: 04/23/2021 | Date: _____ |
| | |
| | **Jonathan A. Nunez** |
| | By:_____ |
| | **Jonathan A. Nunez** |
| | Date:_____ |
| | |
| | **Jonathan L. Valladares** |
| | By:_____ |
| | **Jonathan L. Valladares** |
| | Date:_____ |

7

# Aguilera v Greens and Flowers et al - Settlement Agreement

Final Audit Report                                                                 2021-04-23

| | |
|---|---|
| Created: | 2021-04-23 |
| By: | Nicole Guedes (admin3@pba-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAKV6hB4gS1dwihF6eObJ28-oz_KeBZvHX |

## "Aguilera v Greens and Flowers et al - Settlement Agreement" History

- **Document created by Nicole Guedes (admin3@pba-law.com)**
  2021-04-23 - 6:04:15 PM GMT- IP address: 70.230.14.36

- **Document emailed to Ricardo Aguilera (ricky.greens.flowers@gmail.com) for signature**
  2021-04-23 - 6:05:10 PM GMT

- **Email viewed by Ricardo Aguilera (ricky.greens.flowers@gmail.com)**
  2021-04-23 - 6:44:01 PM GMT- IP address: 66.249.88.173

- **Document e-signed by Ricardo Aguilera (ricky.greens.flowers@gmail.com)**
  Signature Date: 2021-04-23 - 6:51:21 PM GMT - Time Source: server- IP address: 50.79.149.94

- **Agreement completed.**
  2021-04-23 - 6:51:21 PM GMT

Adobe Sign