IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-20418-CMA

**RICKY AGUILERA**,

    Plaintiff,

vs.

**THE GREENS AND FLOWERS CONNECTION, LLC**,
**JONATHAN A. NUNEZ,** individually, and
**JONATHAN L. VALLADARES**, individually,

    Defendants.
_____/

**JOINT MOTION FOR ORDER APPROVING AGREEMENT OF
PLAINTIFF'S ATTORNEYS' FEES AND COSTS**

Plaintiff **RICKY AGUILERA** ("Plaintiff") and Defendants **THE GREENS AND FLOWERS CONNECTION, LLC**, **JONATHAN A. NUNEZ,** individually, and **JONATHAN L. VALLADARES**, individually, ("Defendants")(collectively the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for an Order Approving the Agreement between the Parties as to Plaintiff's counsel's attorneys' fees and costs. In support, the Parties jointly state the following:

    1.    On February 1, 2021, Plaintiff filed his Complaint against Defendants before this Honorable Court. [DE 1].  In the Complaint, Plaintiff sought, pursuant to the FLSA, recovery of unpaid overtime wages alleged to have incurred during the course of employment with Defendants.

    2.    Defendants deny Plaintiff's allegations of unpaid overtime wages. Defendants contend that they fully complied with the FLSA, that Plaintiff was paid for all hours worked, that

no damages are due and owing as Plaintiff was exempt from the FLSA, and that Plaintiff failed to complain or otherwise bring to Defendants' attention any wage and hour issues. Defendants further dispute liability and deny any wrongdoing in connection with Plaintiff's claims.

3. On April 21, 2021, the Parties appeared at a Settlement Conference before Magistrate Judge Edwin G. Torres.

4. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a resolution of this matter during the course of the Settlement Conference and resolved this action in its entirety pursuant to a Settlement Agreement.

5. The settlement between Plaintiff and Defendants provides for final resolution of Plaintiff's FLSA claims and for entitlement attorneys' fees and costs which were to be negotiated separately from Plaintiff's claims.

6. On April 28, 2021, the Parties filed a Joint Motion for Approval of the Parties' Settlement Agreement. [DE 27]. As noted in the Joint Motion for Approval, Plaintiff accepted zero dollars for his FLSA claims, but did negotiate for a complete and full release from his non-compete term entered into with Defendants at the start of his employment. The tangible worth of Plaintiff's complete and full release from his non-compete term is far and away more valuable than his FLSA claims, even if Plaintiff received all of his alleged wages and liquidated damages at Trial.

7. On May 3, 2021, this Honorable Court entered an Order approving the Parties' Settlement Agreement and retaining jurisdiction to enforce the same as well as resolve any motion for attorneys' fees and costs, if necessary. [DE 28].

8. After this Order was entered, counsel for the Parties engaged in good-faith discussions to resolve Plaintiff's counsel's attorneys' fees and costs. These discussions resulted in an agreement whereby Defendants will tender to Plaintiff's counsel a total of Nine-Thousand

Dollars and Zero Cents ($9,000.00) to satisfy the pending attorneys' fees and costs, payable at $1,500.00 a month over the course of six (6) months.

9. For this Honorable Court to note, the actual number of attorneys' fees incurred by Plaintiff's counsel is $10,707.50 and the court costs associated with the prosecution of this matter totals $522.00. *See* **Composite Exhibit A.** As such, this agreement between the Parties represents a compromise of Plaintiff's counsel's attorneys' fees and costs and does not affect Plaintiff's recovery.

10. Based on the agreement between the Parties, the compromised/reduced number of attorneys' fees and costs accepted to satisfy the previous agreed-to entitlement, and that approving this agreement will not impact Plaintiff's portion of the resolution, the Parties respectfully submit that this resolution is fair and reasonable.

## MEMORANDUM OF LAW

### I. Entitlement to Attorneys' Fees and Costs

Plaintiff in this action obtained a valuable recovery. This Court approved the Settlement Agreement that included an entitlement for attorneys' fees and costs to be negotiated separately from Plaintiff's release from Defendants' non-compete term. [DE 28]. To facilitate the settlement reached by the Parties and to not have attorney's fees serve as an impediment to the Plaintiff's recovery, the Parties agreed to an entitlement term and to later confer on resolving Plaintiff's attorneys' fees and costs. Further, if no resolution was reached on the attorneys' fees and costs, then the Parties agreed to have this Court determine the amount of fees and costs to be awarded.

After conferring on the attorneys' fees and costs, the Parties were able to come to an agreement without the need for judicial intervention. As stated *supra*, these discussions resulted in an agreement whereby Defendants will tender to Plaintiff's counsel a total of Nine-Thousand

Dollars and Zero Cents ($9,000.00) to satisfy the attorneys' fees and costs, payable at $1,500.00 a month over the course of six (6) months.

## II. <u>Fee Award</u>

The Eleventh Circuit utilizes the "lodestar" method to calculate a reasonable attorney's fee. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1984). The "starting point" in this analysis requires us to "multiply [the] hours reasonably expended by a reasonable hourly rate." *Norman*, 836 F.2d at 1299. (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services." *Hensley*, 461 U.S. at 433. Here, this lodestar analysis will further support that the agreement between the Parties is a fair and reasonable compromise.

### a. *Reasonable Hourly Rate*

To determine a reasonable hourly rate, the Court must consider "what a reasonable, paying client would be willing to pay, bearing in mind all of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees, including the *Johnson* factors." *Alexandre v. Millenia Hous. Mgmt.*, 2020 U.S. Dist. LEXIS 38706, at *4 (S.D. Fla. March 4, 2020). The *Johnson* factors include: ""the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

"Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Norman*, 836 F.2d at 1299. The court itself is also considered an expert and can make an informed judgment as to a proper fee award. *Norman*. at 1303*; see also Loranger*, 10 F.3d at 781.

   b. *Plaintiff's Counsel's Rates are Reasonable*

Brody M. Shulman, Esq. and Bayardo E. Aleman, Esq. were lead counsel for the Plaintiff.

Brody Shulman, Esq. has handled numerous employment cases, including a wide range of FLSA matters and bills his rate at $350.00 an hour. Recently, the Honorable Magistrate Judge Alicia O. Valle granted a Joint Motion for Settlement Approval an FLSA matter and approved the hourly rate of $350.00 for Shulman. *See Bolton v. Rock N Massage, Inc., et. al.*, case no.: 19-cv-60008-AOV (S.D. Fla. May 8, 2019). Additionally, the hourly rate of $350.00 for Shulman was approved by the Honorable District Judge James I. Cohn. *See Griffin v. AWRS Dade, LLC.*, case no.: 19-cv-61082-JIC (S.D. Fla. August 15, 2019). For this matter, Brody M. Shulman engaged in twenty-one (21) hours of attorney time, not including any work in connection to this instant Motion, at a rate of $350.00 an hour.

Bayardo E. Aleman, Esq. is a named Partner at the Firm. Aleman has dedicated his entire career to labor and employment law. Aleman worked at Stearns Weaver Miller for approximately thirteen (13) years, has authored several employment law publications, has lectured extensively on employment law matters, and has been repeatedly recognized as a standout lawyer in this area of the law. Aleman billed at $425.00 an hour for this case and devoted 7.9 hours to the prosecution of this file.

    c. *The Hours Expended Are Reasonable*

A comprehensive accounting of each billing entry is attached as **Composite Exhibit A.** Importantly, Plaintiff's counsel is <u>not</u> seeking recovery of all attorneys' fees incurred, but rather a portion. Indeed, of the $10,707.50 in attorneys' fees incurred, the Agreement between the Parties provides for a recovery of just $8,478.00 in attorneys' fees.

## III. <u>Entitlement to Costs</u>

The FLSA also allows a prevailing party to recover "costs of the action." 29 U.S.C. § 216(b). Rule 54 of the Federal Rules of Civil Procedure likewise provides that costs, other than attorney's fees, shall be allowed to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). A cost award under the FLSA is limited to those costs enumerated in 28 U.S.C. § 1920; *Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by limitations set out in Section 1920).

The Agreement between the Parties includes the recovery of $522.00 in costs. An outline of these costs is included within **Composite Exhibit A.**

## CONCLUSION

Based on the terms of the previously approved Settlement Agreement and the Parties' subsequent agreement on a compromised amount of attorneys' fees and costs, the Parties respectfully request that the Court enter an Order approving the Parties' agreement on attorneys' fees and costs.

Respectfully submitted on May 21, 2021.

| | |
|---|---|
| */s/ Brody M. Shulman* | */s/ Lawrence E. Besser* |
| Bayardo E. Aleman, Esq. | Lawrence E. Besser, Esq. |
| Florida Bar No. 28791 | FL Bar No: 0236268 |
| E-mail: freddy@pba-law.com | E-mail: lbesseresq@yahoo.com |
| Brody M. Shulman, Esq. | |
| Florida Bar No. 092044 | |
| E-mail: brody@pba-law.com | |
| | |
| **PERERA BARNHART ALEMAN, P.A.** | **Lawrence E. Besser, P.A.** |
| 12555 Orange Dr. | 1200 Brickell Avenue |
| Suite 207 | Suite 1950 |
| Davie, FL, 33330 | Miami, FL 33131 |
| Telephone: 786-485-5232 | Tel. 305-577-3873 |
| *Attorneys for Plaintiff* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

      I hereby certify that on May 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or Parties of record on the Service List below.

                                            By: */s/ **Brody M. Shulman***
                                                Brody M. Shulman, Esq.